In the Matter of GERALD J. O'REILLY, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. — This is a proceeding by petitioner under article 78 of the Civil Practice Act, to review and to vacate, cancel and annul a determination of the Board of Regents suspending him from the practice of architecture for the period of one year. The proceeding was begun in Supreme Court of Albany County which, by order, transferred it to this court for disposition. Subdivision 1 of section 211 of the Education Law, provides for hearings in professional disciplinary proceedings to be before "not less than three members of the regents or by three persons, one of whom may be a member of the regents". (Emphasis supplied.) We find no warrant for petitioner's contention that the word "may" should be interpreted as "must" and that, because it contained no member of the Regents, the committee on discipline was improperly constituted. Obviously the statute means that the Board of Regents has three choices in the constitution of the committee on discipline. It may appoint three or more Regents to the committee. It may appoint a committee consisting of three persons, none of whom is a Regent. It may appoint a committee of three persons, one being a Regent and the other two not being members of the Board of Regents. Nor do we find merit in his contention that the statutory procedure was not followed by the board of examiners in the making of the report of findings and determination. At the first hearing seven members of such board were present. At the second hearing four of the seven were present at the opening and were later joined by a fifth member. The board's report was signed by the four who were present throughout the hearings, denominating themselves as a subcommittee of the board designated to hear the charges against petitioner. There is a certification by the secretary of the board of examiners that the seven members

unanimously adopted the report of the so-called subcommittee. Hearings in professional disciplinary matters are required to be held before the board of examiners of a profession wherein no grievance committee is specifically provided by law. (Education Law, § 211, subd. 1.) Section 7303 of the same law provides for a State Board of Examiners of architects to consist of three or more members as determined by the Regents. Subdivision 2 of section 7308, with reference to hearings on charges and disciplinary proceedings affecting architects, provides that, if the accused is found guilty of the charges by a majority vote of the board, " the board shall transmit to the regents the record, findings and determination * * * together with their recommendation, and the regents, after a hearing, shall issue an order * * * disciplining him or dismissing the charges." It is clear that the hearings could have been held throughout by four members of the board and that such four members constituted a majority of the board. No prejudice resulted to petitioner by virtue of the fact that three members of the board, not in attendance at the full hearings, ratified the report and recommendation of the four members who constituted a majority of the board. As there was ample evidence to support the findings and determination herein, the determination appealed from should be confirmed. Determination unanimously confirmed, without costs. Present — Foster, P. J.. Bergan, Coon, Halpern and Imrie, JJ. [See *post,* p. 846.]